# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOSEPH THOMAS,<br><br>  Plaintiff,<br><br>  v.<br><br>KERN VALLEY STATE PRISON WARDEN, *et al.*,<br><br>  Defendants. | Case No. 1:24-cv-00005-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Larry Joseph Thomas ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on January 2, 2024, together with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.) Plaintiff filed a certified copy of his trust account statement on January 4, 2024. (ECF No. 5.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury."[1]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007). In the complaint, Plaintiff attempts to raise claims against the Warden of Kern Valley State Prison and various judges of the Superior Court of California in Sacramento County. (ECF No. 1.) Plaintiff argues that he was wrongly denied appointment of legal assistance in seeking resentencing and modification of his restitution fines. Although his handwriting is difficult to interpret, it appears Plaintiff alleges that due to the actions of these judges in Sacramento, Plaintiff tried to commit suicide four separate times during his court appearances. As relief, Plaintiff seeks his immediate release from custody. (*Id.*)

"[I]n order to qualify for the § 1915(g) imminent danger exception, a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022).

While Plaintiff appears to allege that he is in danger of continuing attempts to commit suicide if he is not released from custody, this injury is not redressable by the court. Based on the allegations on the face of the complaint, Plaintiff is challenging the validity or length of his continued confinement. The exclusive method for asserting that challenge is by filing a petition for a writ of *habeas corpus*, not by filing a section 1983 action. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Accordingly, even assuming that Plaintiff is in imminent danger of serious physical injury, the Court cannot grant the relief sought in this action that would alleviate such danger. Accordingly, Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $405.00 filing fee if he wishes to litigate this action.

---

[1] The Court takes judicial notice of the following United States District Court cases: (1) *Thomas v. Pelican Bay State Prison*, Case No. 3:11-cv-04359-EMC (N.D. Cal.) (dismissed on June 18, 2012 for failure to state a claim); (2) *Thomas v. Valencia*, Case No. 3:19-cv-00774-BAS-MSB (S.D. Cal.) (dismissed on August 13, 2019 as frivolous); (3) *Thomas v. Richard J. Donovan*, Case No. 3:19-cv-02181-JAH-RBB (S.D. Cal.) (dismissed on August 28, 2020 for failure to state a claim).
The Court also takes judicial notice of the following United States Court of Appeals case: *Thomas v. Cal. Bd. of Parole*, Case No. 20-55260 (9th Cir.) (dismissed on November 12, 2020 as frivolous).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

Alternatively, Plaintiff may file a notice of voluntary dismissal of this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $405.00 initial filing fee in full to proceed with this action (or file a notice of voluntary dismissal).

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 8, 2024**          /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE